IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| SANDRA VIGIL, | : |
| Plaintiff, | : |
| | : Case No. 3:18-cv-324 |
| v. | : |
| | : Judge Walter H. Rice |
| STS SYSTEMS INTEGRATION, LLC, | : |
| Defendant. | : |

## STIPULATED PROTECTIVE ORDER

The parties to this Stipulated Protective Order have agreed to the terms of this Order; accordingly, it is ORDERED:

1. **Scope.** All documents produced in the course of discovery, including initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, other materials which may be subject to restrictions on disclosure for good cause and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning confidential information as set forth below. As there is a presumption in favor of open and public judicial proceedings in the courts, this Order shall be strictly construed in favor of public disclosure and open proceedings wherever possible. The Order is also subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods. This Protective Order does not authorize filing protected materials under seal except as provided under S.D. Ohio Civ. R. 5.2.1. No document may be filed with the Court under seal without prior permission as to each such filing, upon motion and for good cause shown, including the legal basis for filing under seal.

2.  **Form and Timing of Designation.** A party may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER designation. Documents shall be designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER prior to or at the time of the production or disclosure of the documents. When electronically stored information is produced which cannot be marked with the designation CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER, the physical media on which such electronically stored information is produced shall be marked with the applicable designation. The party receiving such electronically stored information shall then be responsible for labeling any copies that it creates thereof, whether electronic or paper, with the applicable designation. By written stipulation the parties may agree temporarily to designate original documents that are produced for inspection CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER, even though the original documents being produced have not themselves been so labeled. All information learned in the course of such an inspection shall be protected in accordance with the stipulated designation. The copies of documents that are selected for copying during such an inspection shall be marked CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER, as required under this Order and thereafter the copies shall be subject to protection under this Order in accordance with their designation. The designation "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

3.  **Documents Which May be Designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER.** Any party may designate documents as CONFIDENTIAL – SUBJECT

TO PROTECTIVE ORDER upon making a good faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential personal information, including home addresses, email addresses, dates of birth, telephone numbers, and social security numbers; medical or psychiatric information; trade secrets; income tax returns, W-2, and 1099 forms; or such other sensitive commercial information and business records including non-public information of a proprietary, strategic, commercially valuable, or competitive sensitive nature. Public records and other information or documents that are publicly available may not be designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER.

4. **Depositions.** Deposition testimony shall be deemed CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER only if designated as such. Such designation shall be specific as to the portions of the transcript or any exhibit to be designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER. Thereafter, the deposition transcripts and any of those portions so designated shall be protected as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER, pending objection, under the terms of this Order.

5. **Protection of Confidential Material.**

(a) *General Protections.* Documents designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER under this Order shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in paragraph 5(b) for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action, including any appeal thereof.

(b) *Limited Third-Party Disclosures.* The parties and counsel for the parties shall not disclose or permit the disclosure of any CONFIDENTIAL – SUBJECT TO

PROTECTIVE ORDER documents to any third person or entity except as set forth in subparagraphs (1)-(5). Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER:

 (1) *Counsel.* Counsel for the parties and employees and agents of counsel who have responsibility for the preparation and trial of the action;

 (2) *Parties.* Parties and employees of a party to this Order;

 (3) *Court Reporters and Recorders.* Court reporters and recorders engaged for depositions;

 (4) *Consultants, Investigators, and Experts.* Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of this action or proceeding, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound; and

 (5) *Others by Consent.* Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

 (c) *Control of Documents.* Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER pursuant to the terms of this Order. Counsel shall maintain the originals of the forms signed by persons acknowledging their

obligations under this Order for a period of 1 year after dismissal of the action, the entry of final judgment, and/or the conclusion of any appeals arising therefrom.

(d) *Copies*. Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER under this Order, or any individual portion of such a document, shall be affixed with the designation "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" if the word does not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases or lists of documents provided these indices, electronic databases or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

(e) *Inadvertent Production*. Inadvertent production of any document or information without a designation of "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall be governed by Fed. R. Evid. 502.

(f) Nothing in this Protective Order affects any party's right to assert that in camera review of information or documents is appropriate for a determination as to discoverability.

6. **Federal Rule of Evidence 502 (d) and (e) Clawback Agreement.** Pursuant to FRE 502(d) and (e), the parties agree to and the Court orders protection of privileged and otherwise protected documents against claims of waiver (including as against third parties and in other federal and state proceedings) as follows:

(a) The disclosure or production of Documents by a producing party, the party that produces documents in this action, subject to a legally recognized claim of privilege, including

without limitation the attorney-client privilege and the work-product doctrine, to a receiving party, the party that receives documents from a producing party, shall in no way constitute the voluntary disclosure of such document.

(b) The inadvertent disclosure or production of any document this action shall not result in the waiver of any privilege, evidentiary protection or other protection associated with such document as to the receiving party or any third parties, and shall not result in any waiver, including subject matter waiver, of any kind.

(c) If, during the course of this litigation, a party determines that any document produced by another party is or may reasonably be subject to a legally recognizable privilege or evidentiary protection ("protected document"):

(1) the receiving party shall: (A) refrain from reading the protected document any more closely than is necessary to ascertain that it is privileged or otherwise protected from disclosure; (B) immediately notify the producing party in writing that it has discovered documents believed to be privileged or protected; (C) specifically identify the protected documents by Bates number range or hash value, and, (D) within ten (10) days of discovery by the receiving party, return, sequester, or destroy all copies of such protected documents, along with any notes, abstracts or compilations of the content thereof. To the extent that a protected document has been loaded into a litigation review database under the control of the receiving party, the receiving party shall have all electronic copies of the protected document extracted from the database. Where such protected documents cannot be destroyed or separated, they shall not be reviewed, disclosed, or otherwise used by the receiving party. Notwithstanding, the receiving party is under no obligation to search or review the producing party's documents to identify potentially privileged or work product protected documents.

(2) If the producing party intends to assert a claim of privilege or other protection over documents identified by the receiving party as protected documents, the producing party will, within ten (10) days of receiving the receiving party's written notification described above, inform the receiving party of such intention in writing and shall provide the receiving party with a log for such protected documents that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection. In the event that any portion of a protected document does not contain privileged or protected information, the producing party shall also provide to the receiving party a redacted copy of the document that omits the information that the producing party believes is subject to a claim of privilege or other protection.

(d) If, during the course of this litigation, a party determines it has produced a protected document:

(1) The producing party may notify the receiving party of such inadvertent production in writing, and demand the return of such documents. Such notice shall be in writing, however, it may be delivered orally on the record at a deposition, promptly followed up in writing. The producing party's written notice will identify the protected document inadvertently produced by Bates number range or hash value, the privilege or protection claimed, and the basis for the assertion of the privilege and shall provide the receiving party with a log for such protected documents that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection. In the event that any portion of the protected document does not contain privileged or protected information, the producing party shall also provide to the receiving party a redacted copy of the document that

omits the information that the producing party believes is subject to a claim of privilege or other protection.

(2) The receiving party must, within ten (10) days of receiving the producing party's written notification described above, return, sequester, or destroy the protected document and any copies, along with any notes, abstracts or compilations of the content thereof. To the extent that a protected document has been loaded into a litigation review database under the control of the receiving party, the receiving party shall have all electronic copies of the protected document extracted from the database.

(e) To the extent that the information contained in a protected document has already been used in or described in other documents generated or maintained by the receiving party prior to the date of receipt of written notice by the producing party as set forth in paragraphs (c)(ii) and d(i), then the receiving party shall sequester such documents until the claim has been resolved. If the receiving party disclosed the protected document before being notified of its inadvertent production, it must take reasonable steps to retrieve it.

(f) The receiving party's return, sequestering or destruction of protected documents as provided herein will not act as a waiver of the party's right to move for the production of the returned, sequestered or destroyed documents on the grounds that the documents are not, in fact, subject to a viable claim of privilege or protection. However, the receiving party is prohibited and estopped from arguing that:

(1) The disclosure or production of the protected documents acts as a waiver of an applicable privilege or evidentiary protection;

(2) The disclosure of the protected documents was not inadvertent;

(3) The producing party did not take reasonable steps to prevent the disclosure of the protected documents; or

(4) The producing party failed to take reasonable or timely steps to rectify the error pursuant to Federal Rule of Civil Procedure 26(b)(5)(B), or otherwise.

(g) Either party may submit protected documents to the Court under seal for a determination of the claim of privilege or other protection. The producing party shall preserve the protected documents until such claim is resolved. The receiving party may not use the protected documents for any purpose absent this Court's Order.

(h) Upon a determination by the Court that the protected documents are protected by the applicable privilege or evidentiary protection, and if the protected documents have been sequestered rather than returned or destroyed by the receiving party, the protected documents shall be returned or destroyed within ten (10) days of the Court's order. The Court may also order the identification by the receiving party of protected documents by search terms or other means.

(i) Nothing contained herein is intended to, or shall serve to limit a party's right to conduct a review of documents, data (including electronically stored information) and other information, including without limitation, metadata, for relevance, responsiveness and/or the segregation of privileged and/or protected information before such information is produced to another party.

(j) By operation of the parties' agreement and Court Order, the parties are specifically afforded the protections of FRE 502 (d) and (e).

7. **Filing of CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER Documents Under Seal.** Whenever a party wishes to file any confidential material with the Court, the party may either: (a) redact all of the information contained on any page that is marked

"CONFIDENTIAL" before filing said document with the Court; (b) if the party wishing to file the confidential material is the party asserting confidential treatment that party may, at their discretion, redact only that information that it deems confidential before filing with the Court; or (c) separately file the document under seal with Court. If a party wishes to file a document that has been marked confidential with the Court, the party will file a motion establishing good cause for the document to be preserved under seal. A document may not be filed under seal without prior approval of the Court. Neither this Order nor any other sealing order constitutes blanket authority to file entire documents under seal. Only confidential portions of relevant documents are subject to sealing. To the extent that a brief, memorandum, or pleading references any document marked as CONFIDENTIAL, then the brief, memorandum or pleading shall refer the Court to the particular exhibit that was redacted/filed under seal without disclosing the contents of any confidential information. If, however, the confidential information must be intertwined within the text of the document, a party may timely move the Court for leave to file both a redacted version for the public docket and an un-redacted version for sealing.

Any and all filings made under seal shall be submitted electronically. Manually filed sealed documents shall not be presented to the Court unless electronic filing is not possible. If both redacted and un-redacted versions are being submitted for filing, each version shall be clearly named so there is no confusion as to why there are two entries on the docket for the same filing.

If a document must be manually filed under seal, the filing shall be placed in a sealed envelope marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER." The sealed envelope shall display the case name and number, a designation as to what the document is, the name of the party on whose behalf it is submitted, and the name of the attorney who has filed the sealed document.

8. **Challenges by a Party to Designation as Confidential.** Any CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER designation is subject to challenge by any party or nonparty with standing to object (hereafter "party"). Before filing any motions or objections to a confidentiality designation with the Court, the objecting party shall have an obligation to meet and confer in a good faith effort to resolve the objection by agreement. If agreement is reached confirming or waiving the CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER designation as to any documents subject to the objection, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement. The burden shall remain with the designating party to justify such designation under the standard set forth in Fed. R. Civ. P. 26(c). Unless and until the Court enters an order to the contrary, the documents, testimony, information or material shall be treated as confidential material in accordance with this Protective Order.

9. **Action by the Court.** Applications to the Court for an order relating to any documents designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER shall be by motion under Local Rule 7.1 and any other procedures set forth in the presiding judge's standing orders or other relevant orders. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or used in discovery or at trial.

10. **Use of Confidential Documents or Information at Trial.** All trials are open to the public. Absent order of the Court, there will be no restrictions on the use of any document that may be introduced by any party during the trial. The provisions of this Protective Order shall not affect the admissibility of evidence or any objections to same at trial or in any other proceedings in Court except as may be provided by separate order or agreement. If a party intends to present at

trial CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER documents or information derived therefrom, such party shall provide advance notice to the other party at least five (5) days before the commencement of trial by identifying the documents or information at issue as specifically as possible (i.e., by Bates number, page range, deposition transcript lines, etc.) without divulging the actual CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER documents or information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

**11.     Obligations on Conclusion of Litigation.**

(a)     *Order Remains in Effect.* Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b)     *Return of CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER Documents.* Upon request by the producing party, the receiving party will return all documents treated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER, including any copies, within thirty (30) days after dismissal or entry of final judgment not subject to further appeal, unless the document has been offered into evidence or filed without restriction as to disclosure. If the documents are not requested, they shall be destroyed. Once the documents have been destroyed, the receiving party will send prompt verification via email. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to information designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER, so long as that work product does not duplicate verbatim substantial portions of the text or images of confidential documents. This work product shall continue to be CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER under this Order.

(c) *Return of Documents Filed under Seal.* After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the parties or, after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

12. **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter. Motions to modify this Order shall be served and filed under the Federal Rules of Civil Procedure, Local Rules, and the presiding judge's standing orders or other relevant orders.

13. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER by counsel or the parties is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

14. **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms. The parties agree to be bound by the terms of this Order prior and subsequent to entry of this Order by the Court.

**IT IS SO ORDERED.**

_____
JUDGE WALTER H. RICE

**AGREED:**

/s/ *Kelly Mulloy Myers*
Kelly Mulloy Myers (#0065698)
Elizabeth Asbury Newman (#0096921)
FREKING MYERS & REUL, LLC
600 Vine Street, 19th Floor
Cincinnati, OH 45202
Telephone: 513.721.1975
Facsimile: 513.651.2570
E-mail: kmyers@fmr.law
enewman@fmr.law

*Attorneys for Plaintiff*

Date: November 12, 2019

/s/ *Brooke E. Niedecken*
Brooke E. Niedecken, Trial Attorney
  (#0079142)
Sarah K. Squillante, Of Counsel (#0096705)
LITTLER MENDELSON, P.C.
21 East State Street, 16th Floor
Columbus, OH 43215
Telephone: 614.463.4214
Facsimile: 614.737.5339
E-mail: bniedecken@littler.com
ssquillante@littler.com

*Attorneys for Defendant*

4837-5218-0648.2 066812.1022

# ATTACHMENT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| SANDRA VIGIL, | : |
| Plaintiff, | : |
| | : Case No. 3:18-cv-324 |
| v. | : |
| | : Judge Walter H. Rice |
| STS SYSTEMS INTEGRATION, LLC, | : |
| Defendant. | : |

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Southern District of Ohio in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use documents designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER in accordance with the Protective Order solely for the purposes of the above-captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm or concern.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

_____
Name

_____
Job Title

_____
Signature

_____
Employer

_____

_____
Business Address

_____
Date